IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HAWK TECHNOLOGY SYSTEMS, LLC**                                                                   **PLAINTIFF**

**V.**                                                                               **NO. 4:20-cv-184-DMB-JMV**

**HUDDLE HOUSE, INC.**                                                                             **DEFENDANT**

## ORDER

On August 24, 2021, Huddle House filed a motion seeking to further stay this patent infringement case or, alternatively, continue trial. Nine days later, the parties filed a joint motion to stay this case pending a ruling on Hawk Technology's motion to dismiss in a related case in the United States District Court for the District of Nevada, *DTiQ Technologies, Inc. v. Hawk Technology Systems, LLC*, No. 20-2050 ("Nevada Action"). For the reasons explained below, the parties' joint motion to stay will be granted and Huddle House's earlier motion to stay or continue trial will be denied as moot.

## I
## Procedural History

On October 21, 2020, Hawk Technology filed a complaint against Huddle House in the United States District Court for the Northern District of Mississippi, alleging that Huddle House infringed U.S. Patent No. 10,499,091 by using the video surveillance system services of non-party DTiQ. Doc. #1; Doc. #1-2 at PageID 20–21; Doc. #1-3 at PageID 49. On January 21, 2021, Huddle House filed a Rule 12(b)(6) motion to dismiss this case, arguing ineligible patent subject matter. Doc. #9.

On March 11, 2021, Huddle House filed a motion to stay this case pending the resolution of the motion to dismiss in the Nevada Action. Doc. #27. On May 3, 2021, after the motion to

stay was fully briefed,[1] United States Magistrate Judge M. Virden granted the motion in part, finding that "resolution of the Nevada Action will likely resolve most, if not all, of the main issues in this case." Doc. #32 at 6. But Judge Virden declined to stay the case indefinitely as to not "inordinately delay these proceedings," instead staying the case until the earliest of 90 days, a ruling on Hawk Technology's motion to dismiss in the Nevada Action, or a ruling by this Court on Huddle House's motion to dismiss. *Id.* at 5, 7.

Ninety days later, the stay was lifted. Doc. #33. However, the motion to dismiss in the Nevada Action remained unresolved. Doc. #39 at 1.

On August 24, 2021, Huddle House filed a renewed motion to stay the proceedings or, in the alternative, continue the June 20, 2022, trial date. Doc. #36. On September 2, 2021, the parties filed a joint motion to stay the case, including all case deadlines, until resolution of the motion to dismiss in the Nevada Action. Doc. #38. In the memorandum accompanying the joint motion,[2] Huddle House withdrew as moot its renewed motion to stay. Doc. #39 at 1.

## II
## Discussion

The parties assert that good cause exists to renew the stay "to preserve significant resources among the parties and of this Court while awaiting a ruling [in the Nevada Action] which … could have a material impact upon the present proceedings." Doc. #39 at 1. Additionally, the parties represent that a stay would afford them additional time to continue their settlement negotiations which, if successful, may fully resolve this case. *Id.*

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Here, there is good cause

---

[1] Docs. #28, #29, #31.

[2] The memorandum fails to cite any law supporting the relief sought.

2

to stay this case until a ruling on Hawk Technology's motion to dismiss in the Nevada Action. A stay would not only conserve the resources of the Court and the parties but allow the parties to continue their attempts to resolve the matter without judicial intervention. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Accordingly, the joint motion to stay [38] is **GRANTED** and Huddle House's earlier motion to stay [36] is **DENIED as moot**. This case is **STAYED** pending the resolution of Hawk Technology's motion to dismiss in the Nevada Action. The parties are **DIRECTED** to notify the Court of the ruling on Hawk Technology's motion to dismiss in the Nevada Action within seven (7) days of such ruling.

**SO ORDERED**, this 9th day of September, 2021.

/s/**Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**